United States District Court
Southern District of Texas
**ENTERED**
October 01, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br>  Plaintiff/Respondent, §<br> §<br>  v. §<br> §<br>BENJAMIN ESPINAL-RODRIGUEZ, §<br>  Defendant/Movant. § | CRIMINAL NO. 2:18-941<br>CIVIL NO. 2:19-110 |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Benjamin Espinal-Rodriguez filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 25), to which the United States of America (the "Government") responded (D.E. 28-1).[1]

**I. BACKGROUND**

On August 16, 2018, United States Border Patrol agents encountered Movant walking through the brush along Highway 77 near Sarita, Texas. Agents determined that Movant was a citizen of Honduras who was illegally present in the United States. He had previously been deported on May 21, 2010, after being convicted of first degree aggravated assault and first degree conspiracy to commit aggravated assault in Connecticut.

On September 12, 2018, Movant was indicted for illegal reentry in violation of 8 U.S.C. § 1326. He pled guilty and was sentenced on January 23, 2019, to 20 months' imprisonment. Judgment was entered the following day. Movant did not appeal. His conviction therefore became final on February 7, 2019, the last day on which he could have filed a notice of appeal. *See* FED. R. APP. P. 4(b)(1)(A)(i); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). He filed the present motion under 28 U.S.C. § 2255 on April 15, 2019. It is timely.

---

1. Docket entries refer to the criminal case.

1

## II. MOVANT'S ALLEGATION

Movant claims that defense counsel was constitutionally ineffective because she allowed him to plead guilty to illegal reentry without moving to dismiss the Indictment on the basis that the charge was barred by the five-year statute of limitations under 18 U.S.C. § 3282(a).

## III. LEGAL STANDARDS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id*. at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997). "A court need not address both components of the inquiry if the defendant makes an insufficient showing on one." *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

**IV. ANALYSIS**

Movant states that he was deported from the United States on May 21, 2010, and returned on August 16, 2018. Because he returned to the United States more than five years after he was originally "found" and deported, Movant claims that his illegal reentry charge was barred by limitations and that counsel should have moved dismiss the Indictment for this reason.

Movant misunderstands how the statute of limitations applies to an illegal reentry charge. As the Fifth Circuit has explained:

> Section 1326(a) provides in part that any previously deported alien who, "thereafter . . . enters, attempts to enter, or is at any time found in, the United States" shall be fined or imprisoned or both as set forth in other related statutes. 8 U.S.C. § 1326(a) (emphasis added). An offense under Section 1326(a) begins at the time the defendant illegally reenters the country and does not cease until the defendant is "found" by immigration authorities in the United States. *United States v. Corro-Balbuena*, 187 F.3d 483, 485 (5th Cir. 1999). Importantly, "no person shall be prosecuted, tried, or punished for any offense not capital, unless

>the indictment is found … within five years next after such offense shall have been committed. 18 U.S.C. § 3282(a).

*United States v. Ramirez-Salazar*, 819 F.3d 256, 257–58 (5th Cir. 2016).

The Indictment alleged—and Movant admits—that he reentered the United States on August 16, 2018. The statute of limitations began to run that same day, when U.S. Border Patrol agents encountered Movant in the brush near Sarita, Texas. Less than one month later, and well within the 5-year statute of limitations, Movant was indicted for violating 8 U.S.C. § 1326. Counsel was not ineffective for failing to file a meritless motion to dismiss based on limitations. This claim is denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed

further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (D.E. 25) is **DENIED**, and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 25th day of September, 2019.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE